IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROXTEC INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. _____ |
| | ) |
| WALLMAX S.R.L.,WALLMAX USA CORP. and BRITMAR MARINE LTD., | ) |
| | ) |
| Defendants. | ) |

## ORIGINAL COMPLAINT

NOW COMES Roxtec Inc. ("Roxtec"), and for its Complaint against WallMax s.r.l. ("WallMax Italy"), WallMax USA Corp. ("WallMax USA") and collectively with WallMax Italy ("WallMax"), and Britmar Marine Ltd. ("Britmar"), states:

1.  Roxtec brings this action against WallMax and Britmar for false designation of origin and trade dress infringement under the Lanham Act, and unfair competition (passing off) and unjust enrichment under Texas common law. WallMax and Britmar—which together offers modular sealing systems for sale in the United States—have illegally adopted a distinctive black concentric circle design which Roxtec imprints on its own modular sealing systems. WallMax's and Britmar's conduct is likely to cause consumer confusion unless enjoined by this Court.

## PARTIES

2.  Roxtec is an Oklahoma corporation with a principal place of business at 10127 E. Admiral Place, Tulsa, Oklahoma, 74116.

3.  WallMax s.r.l. is an Italian limited liability company with a principal place of business at Viale Majno 4, Milan, Italy.

2279397.2

4.     WallMax USA is a Delaware corporation with a principal place of business at 44 Wall Street, 10th Floor, New York, New York, 10005.

5.     Britmar is a Canadian limited company with a principal place of business at 102-2433 Dollarton Hwy, North Vancouver, B.C., V7H 0A1, Canada.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1367.

7.     This Court has personal jurisdiction over WallMax and Britmar because Roxtec's claims against WallMax and Britmar alleged herein arise from WallMax's and Britmar's voluntary conduct within the State of Texas.

8.     Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to Roxtec's claims against WallMax and Britmar occurred within this judicial district.

## FACTS COMMON TO ALL COUNTS

### Roxtec's Business and Concentric Circle Design

9.     Roxtec AB—Roxtec's parent company—was founded in Sweden in 1990. Roxtec AB designs, produces, and distributes systems for sealing cables and pipes in order to protect them against external agents such as fire, water, pressure, dust, and rodents, in order to ensure safe installation on land, at sea, and underground.

10.    Since its founding, Roxtec AB has rapidly become the world leader in modular sealing systems, operating production plants and distribution sites in numerous countries, including China, the United States, Germany, Italy, Spain, Brazil, South Korea, the United Arab

Emirates, India, the United Kingdom, Japan, Singapore, Mexico, Australia, France, Denmark, Croatia, Russia, Norway, Turkey, and Poland.

11. Since at least as early as 1997, Roxtec has promoted and sold modular sealing systems in the United States and is the market leader in modular sealing systems in the Unites States.

12. Roxtec's products are used in a variety of naval and industrial markets, including oil and gas, telecommunications, energy, and construction. For each of these markets, Roxtec offers solutions and products which have been subjected to specific testing by respected testing laboratories and certification bodies.

13. Each of Roxtec's modular sealing systems bears a design comprised of a series of black concentric circles of uniform width in two alternating and contrasting colors with a black sphere in the center (Roxtec's "Concentric Circle Design"). Roxtec also uses its Concentric Circle Design in its printed advertising material (e.g. catalogs, brochures, product files, etc.) and on its website. In addition, a portion of Roxtec's Concentric Circle Design regularly appears in promotional material next to Roxtec's company name. The images below are representative examples of the aforementioned uses of Roxtec's Concentric Circle Design:







14. Roxtec has provided modular sealing systems in the United States bearing the Concentric Circle Design since at least as early as 1997. Roxtec has dedicated significant resources to develop its brand, including the Concentric Circle Design associated with Roxtec's modular sealing systems.

15. Since long prior to the acts of WallMax described below, the Concentric Circle Design has been extremely well-known among consumers of modular sealing systems in the United States.

16. Since long prior to the acts of WallMax and Britmar described below, and as a result of Roxtec's extensive use, advertising, and promotion of the Concentric Circle Design, the Concentric Circle Design has become famous and has acquired a strong secondary meaning signifying Roxtec.

17. As a result of Roxtec's extensive use and promotion of the Concentric Circle Design, Roxtec now owns valuable goodwill which is symbolized by that design, and the use of the Concentric Circle Design substantially increases the value of Roxtec's business and the salability of associated modular sealing systems offered under that design.

**Unauthorized use of the Concentric Circle Design by WallMax and Britmar**

18. WallMax Italy recently entered the modular sealing systems market and began competing with Roxtec AB worldwide. But rather than competing fairly, WallMax used the Concentric Circle Design to confusingly brand their own modular sealing systems.

19. WallMax produces no original products. Instead, each of WallMax's products is a precise copy (down to the millimeter) of a Roxtec product. WallMax has created copies of the entire range of Roxtec's modular sealing systems. The only difference between Roxtec's modular sealing systems and WallMax's copies is that the latter use the color orange to contrast with the black concentric circles in the concentric circle design. Below is a side-by-side comparison of Roxtec modular sealing systems bearing the Concentric Circle Design and WallMax modular sealing systems bearing the identical mark:

Case 4:17-cv-02105   Document 1   Filed in TXSD on 07/10/17   Page 7 of 14



2279397.2                                                                             7



| ROXTEC | WALLMAX |
|---|---|
|  |  |

20. WallMax has its modular sealing systems manufactured in India, while Roxtec's are manufactured in Sweden. As compared to Roxtec's, WallMax's goods are of lower quality and offered at a much lower price point.

21. On information and belief, WallMax has copied Roxtec's products in an attempt to take advantage of Roxtec's superior reputation, marketing, sales force, and research and development.

22. On information and belief, WallMax USA is the entity primarily responsible for promoting and selling WallMax's modular sealing systems in the United States.

23. On information and belief, Britmar partners with WallMax to distribute WallMax's modular sealing systems in the United States and Canada.

24. On or about May 1-4, 2017, WallMax and Britmar were exhibitors at the Offshore Technology Conference in Houston, Texas. Both WallMax's and Britmar's displays included WallMax modular sealing systems bearing the Concentric Circle Design. Photographs of those goods displayed at the aforementioned booth are attached hereto as composite Exhibit A.

25. WallMax continues to offer modular sealing systems bearing the Concentric Circle Design for sale throughout the United States. Upon information and belief, WallMax and/or an affiliate of WallMax operates a website at www.wallmax.it in which it markets and offers for sale modular frame products that contain the Concentric Circle Design. One example is WallMax's WMC product, as seen on URL www.wallmax.it/product/wmc.

26. On information and belief, WallMax's and Britmar's aforementioned unauthorized uses of the Concentric Circle Design are willful and deliberate and done with an intent to trade upon the fame and goodwill represented by the Concentric Circle Design, to improperly suggest or imply the existence of an affiliation or license between Roxtec and WallMax, and to mislead and confuse actual and potential consumers.

27. On information and belief, WallMax's and Britmar's unauthorized use of the Concentric Circle Design has already caused actual confusion in the marketplace.

28. WallMax's and Britmar's unauthorized use of the Concentric Circle Design is likely to cause further confusion in the minds of ordinary consumers regarding the parties' respective goods.

## COUNT I
### False Designation of Origin (15 U.S.C. § 1125(a))

29. Roxtec hereby incorporates by reference the allegations contained in paragraphs 1-28 of this Complaint as though fully set forth herein.

30. The Concentric Circle Design is a valid, protectable trademark owned by Roxtec.

31. WallMax's and Britmar's conduct is likely to cause confusion, mistake, or deceit as to the affiliation, connection, or association of WallMax with Roxtec and as to the origin,

sponsorship, or approval by Roxtec of WallMax and/or the goods offered by WallMax and Britmar under the Concentric Circle Design.

32. WallMax's and Britmar's unauthorized use of the Concentric Circle Design constitutes unfair competition and false designation of origin in and affecting interstate commerce.

33. WallMax's and Britmar's unauthorized use of the Concentric Circle Design falsely suggests that Roxtec is associated with WallMax.

34. WallMax's and Britmar's unauthorized use of the Concentric Circle Design is likely to cause consumers to think that WallMax is affiliated with or sponsored by Roxtec.

35. On information and belief, WallMax's and Britmar's use of the Concentric Circle Design was and is knowing and willful.

36. On information and belief, by its acts, WallMax and Britmar have made and will make substantial profits and gains to which it is not in law or equity entitled.

37. WallMax's and Britmar's conduct has deprived, and will continue to deprive, Roxtec of opportunities for controlling and expanding its goodwill.

38. Roxtec is being damaged by WallMax's and Britmar's conduct and is without an adequate remedy at law to compensate it for WallMax's wrongful acts.

39. This is an exceptional case and Roxtec is entitled, pursuant to 15 U.S.C. § 1117, to recover its reasonable attorneys' fees.

## COUNT II
**Trade Dress Infringement (15 U.S.C. § 1125(a)) (in the alternative to Count I)**

40. Roxtec hereby incorporates by reference the allegations contained in paragraphs 1-39 of this Complaint as though fully set forth herein.

41. The Concentric Circle Design is not functional.

42. Roxtec has for years worked to develop the goodwill in the Concentric Circle Design. The consuming public identifies the Concentric Circle Design with Roxtec or a single unidentified source. The Concentric Circle Design is a symbol of quality and goodwill that consumers can trust.

43. The Concentric Circle Design is protectable trade dress owned by Roxtec.

44. WallMax's and Britmar's conduct is likely to cause confusion, mistake, or deceit as to the affiliation, connection, or association of WallMax or Britmar with Roxtec and as to the origin, sponsorship, or approval by Roxtec of WallMax or Britmar and/or the goods offered by WallMax and Britmar under the Concentric Circle Design.

45. WallMax's and Britmar's unauthorized use of the Concentric Circle Design constitutes trade dress infringement.

46. WallMax's and Britmar's unauthorized use of the Concentric Circle Design falsely suggests that Roxtec is associated with WallMax.

47. WallMax's and Britmar's unauthorized use of the Concentric Circle Design is likely to cause consumers to think that WallMax is affiliated with or sponsored by Roxtec.

48. On information and belief, WallMax's and Britmar's use of the Concentric Circle Design was and is knowing and willful.

49. On information and belief, by its acts, WallMax and Britmar have made and will make substantial profits and gains to which it is not in law or equity entitled.

50. WallMax's and Britmar's conduct has deprived, and will continue to deprive, Roxtec of opportunities for controlling and expanding its goodwill.

51. Roxtec is being damaged by WallMax's and Britmar's conduct and is without an adequate remedy at law to compensate it for WallMax's wrongful acts.

52. This is an exceptional case and Roxtec is entitled, pursuant to 15 U.S.C. § 1117, to recover its reasonable attorneys' fees.

## COUNT III
### Unfair Competition – Passing Off (Texas Common Law)

53. Roxtec hereby incorporates by reference the allegations contained in paragraphs 1-52 of this Complaint as though fully set forth herein.

54. WallMax's and Britmar's adoption of Roxtec's Concentric Circle Design on WallMax's modular sealing systems creates a substantial similarity between WallMax's and Britmar's modular sealing systems and those offered by Roxtec.

55. WallMax's and Britmar's use of Roxtec's Concentric Circle Design is calculated to deceive and cause consumers to trade with WallMax when they intended to and otherwise would have traded with Roxtec.

56. WallMax's and Britmar's use of Roxtec's Concentric Circle Design is likely to lead to confusion on the part of potential customers.

## COUNT IV
### Unjust Enrichment (Texas Common Law)

57. Roxtec hereby incorporates by reference the allegations contained in paragraphs 1-56 of this Complaint as though fully set forth herein.

58. WallMax's and Britmar's use of Roxtec's Concentric Circle Design on its modular sealing systems infringes Rotec's intellectual property.

59. Through its sales of modular sealing systems bearing Roxtec's Concentric Circle Design, WallMax and Britmar have retained benefits at Roxtec's expense. WallMax and Britmar would be unjustly enriched if they were to retain these benefits.

## JURY DEMAND

60. Roxtec demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Roxtec Inc. requests that this Court enter judgment in its favor and against WallMax USA Corp., WallMax s.r.l, and Britmar Marine Ltd. for injunctive relief and damages in an amount to be proven at trial, together with interest and costs, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 10, 2017

By: /s/ Charles S. Baker
Charles S. Baker
Attorney-in-Charge
Texas State Bar No. 01566200
S.D. Tex. No. 024496
LOCKE LORD LLP
2800 Chase Tower
600 Travis Street
Houston, Texas 77002
Tel: (713) 226-1123
Fax: (713) 223-3717
cbaker@lockelord.com

**ATTORNEYS FOR PLAINTIFF ROXTEC INC.**

Of Counsel:
David T. Van Der Laan (*pro hac vice forthcoming*)
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois  60606
Tel: (312) 201-2975
dave.vanderlaan@lockelord.com
Daniel G. Nguyen
Texas State Bar No. 24025560
S. D. Tex ID No. 840977
LOCKE LORD LLP
600 Travis Street
Houston, Texas 77002-3095
Tel: (713) 226-1292
dnguyen@lockelord.com